UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-7373 CAS (FMOx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | CONSUELO GONZALEZ LABRADA v. DEUTSCHE BANK NATIONAL TRUST COMPANY ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (Chambers:) **PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER** (filed 10/1/10)

## I. INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

On October 1, 2010, plaintiff Consuelo Gonzalez LaBrada ("plaintiff") filed the instant action against Deutsche Bank National Trust Company, Home Loan Funding, Inc., IndyMac Bank, FSB, OneWest Bank, FSB, Orange Coast Title Company, Mortgage Electronic Registration System, Inc., Quality Loan Service Corporation, LSI Title Company, Wells Fargo Bank, N.A., American Securities Company, and Does 1–10 (collectively, "defendants"). Plaintiff alleges 27 claims for relief, including one claim for a temporary restraining order, preliminary injunction, and permanent injunctive relief.[1] See Complaint ¶¶ 81–95.

The instant action arises from a mortgage loan transaction and subsequent foreclosure sale on plaintiff's principal residence, located at 3348 Beswick Street, Los Angeles, California 90023. Complaint ¶¶ 5, 72. On March 9, 2005, plaintiff executed a Deed of Trust and Promissory Note with defendant Home Loan Funding, Inc. Complaint ¶ 73. On September 10, 2009, plaintiff received via certified mail a Notice of Default and Election to Sell Under the Deed of Trust from defendant Quality Loan Service Corporation. Complaint ¶ 77. On December 15, 2009, plaintiff received a Notice of

---

[1] Although plaintiff does not file an application for a temporary restraining order, the Court construes plaintiff's first claim for relief as such an application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7373 CAS (FMOx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | CONSUELO GONZALEZ LABRADA v. DEUTSCHE BANK NATIONAL TRUST COMPANY ET AL. | | |

Trustee Sale, which occurred on January 4, 2010. Complaint ¶ 78. Sometime thereafter, a subsequent purchaser of the residence prevailed in an unlawful detainer proceeding as to the property, and a writ of possession issued in favor of the subsequent purchaser. Complaint ¶ 83. On February 17, 2010, plaintiff received a Notice to Vacate the property. Complaint ¶ 79. On September 27, 2010, plaintiff received a five day Notice to Vacate the property no later than October 2, 2010, by the Los Angeles County Sheriff's Department. Complaint ¶ 80.

Plaintiff filed the instant application for a temporary restraining order on October 1, 2010. Plaintiff contends that immediate relief is warranted in this action because she is in immediate danger of wrongfully being physically removed from the residence which she has occupied for more than fifty years, by the Los Angeles County Sheriff's Department. Complaint ¶ 83.

**II.    LEGAL STANDARD**

The purpose of a temporary restraining order is to "preserve the status quo pending hearing on the moving party's application for a preliminary injunction." William A. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial § 13:11 (The Rutter Group 2002) (citing Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974)). The standard for granting a temporary restraining order is identical to the standard for issuing a preliminary injunction. See, e.g., Dahl v. Swift Distrib., Inc., No. CV 10-551, 2010 U.S. Dist. LEXIS 35938, at *6 (C.D. Cal. Apr. 1, 2010). "A preliminary injunction is not a preliminary adjudication on the merits: it is an equitable device for preserving the status quo and preventing the irreparable loss of rights before judgment." Textile Unlimited v. A..BMH & Co., 240 F.3d 781, 786 (9th Cir. 2001). The Ninth Circuit summarized the Supreme Court's recent clarification of the standard for granting preliminary injunctions in Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 374 (2008), as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7373 CAS (FMOx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | CONSUELO GONZALEZ LABRADA v. DEUTSCHE BANK NATIONAL TRUST COMPANY ET AL. | | |

likelihood of irreparable injury and that the injunction is in the public interest." Alliance of Wild Rockies v. Cottrell, __ F. 3d __, 2010 WL 3665149 at *8.  A "serious question" is one on which the movant "has a fair chance of success on the merits."  Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

## III.   DISCUSSION

Plaintiff's request for a temporary restraining order is denied.  First, plaintiff has failed to provide sufficient notice, as required by Fed. R. Civ. P. 65.  Second, plaintiff does not explain why she has waited from December 15, 2009, the date she alleges the sale of her residence occurred, to the present to seek relief from this Court.  As such, it appears that plaintiff's application is barred by the doctrine of laches.  Finally, to the extent that plaintiff's application can be construed as a request to issue an order enjoining the effect of the Superior Court's decision on the unlawful detainer action, the Court is barred by the Rooker-Feldman doctrine.  Under the Rooker-Feldman doctrine, a federal court is without jurisdiction to exercise appellate review of state court judgments.  See Rooker-Feldman, 263 U.S. 413 415–16 (1923).  Specifically, the Rooker-Feldman doctrine prevents "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the judgment itself violates the loser's federal [constitutional] rights."  Johnson v. DeGrandy, 512 U.S. 997, 1005–06 (1994).  There is no reason to believe that plaintiff did not have an opportunity to raise the claims asserted herein in state court.  While plaintiff contends that the foreclosure sale itself was unlawful and should be set aside, the requested temporary restraining order in this case would, if granted, invalidate the judgment the unlawful detainer proceeding.  Accordingly, a temporary restraining order in this instance would offend the Rooker-Feldman doctrine.

## IV.   CONCLUSION

In accordance with the foregoing, the Court hereby DENIES plaintiff's application for a temporary restraining order.

IT IS SO ORDERED.

00   :   00

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7373 CAS (FMOx) | Date | October 4, 2010 |
|---|---|---|---|
| Title | CONSUELO GONZALEZ LABRADA v. DEUTSCHE BANK NATIONAL TRUST COMPANY ET AL. | | |

Initials of Preparer      CMJ