UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | CV 10-7373 (FMOx) | Date | July 18, 2011 |
| Title | CONSUELO GONZALEZ LABRADA v. DEUTSCHE BANK NATIONAL TRUST COMPANY; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Isabel Martinez | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Ryan Waggoner<br>Cyrus Chen | |

**Proceedings:** **DEFENDANTS DEUTSCHE BANK NATIONAL TRUST CO, ONEWEST BANK, FSB & MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** (filed 06/17/11)

**DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** (filed 06/20/11)

**DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT** (filed 06/20/11)

On October 1, 2010, plaintiff filed the instant action against defendants Deutsche Bank National Trust Company; Home Loan Funding, Inc., IndyMac Bank, FSB; OneWest Bank, FSB; Orange Coast Title Company; Mortgage Electronic Registration System, Inc. ("MERS"); Quality Loan Service Corporation; LSI Title Company; Wells Fargo Bank, N.A.; American Securities Company; and Does 1-10. The complaint includes a request for injunctive relief and a temporary restraining order and alleges claims for (1) declaratory relief; (2) TILA violations pursuant to 15 U.S.C. §§ 1631-34, 1640(a); (3) violations of the FDCPA 15 U.S.C. § 1692(e); (4) violations of the FDCPA 15 U.S.C. § 1692(f); (5) civil RICO; (6) RICO conspiracy; (7) RICO extortion; (8) breach of fiduciary duty; (9) common law fraud–inducement; (10) constructive fraud; (11) conspiracy; and (12) quiet title.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 10-7373 (FMOx) | Date | July 18, 2011 |
|---|---|---|---|
| Title | CONSUELO GONZALEZ LABRADA v. DEUTSCHE BANK NATIONAL TRUST COMPANY; ET AL. | | |

On October 4, 2010, the Court denied plaintiff's request for a temporary restraining order. On April 6, 2011, the Court granted defendants' motions to dismiss plaintiff's federal claims and deferred ruling on plaintiff's state law claims. On May 31, 2011, plaintiff filed a first amended complaint ("FAC"). Plaintiff's first amended complaint alleges claims for: (1) declaratory relief; (2) violations of Business and Professions Code § 17200; (3) negligence; (4) violations of the FDCPA, 15 U.S.C. § 1692F(6); (5) breach of fiduciary duty; (6) common law fraud–inducement; (7) constructive fraud; (8) conspiracy; (9) quiet title; (10) violation of civil code § 1572; (11) negligence; (12) tortious violation of the Real Estate Settlement Procedures Act ("RESPA") , 12 U.S.C. § 2607(B); (13) intentional misrepresentation; (14) violation of § Cal. Civ. Code § 1788.17; (15) to set aside a defective and wrongful foreclosure; (16) cancellation of a voidable contract under Cal. Rev. & Tax Code §§ 23304.1, 23305(A) and violations of Cal. Corp. Code §191(C)(7).

On June 17, 2011, defendants MERS, Deutsche Bank National Trust Company, and One West Bank, FSB filed a motion to dismiss plaintiff's FAC. On June 20, 2011, defendant Wells Fargo Bank, N.A. filed a motion to dismiss plaintiff's FAC and a motion to strike portions of plaintiff's FAC. Plaintiff did not file an opposition to any of defendants' motions. A hearing was held on July 18, 2011. Plaintiff did not appear at the hearing. The Court finds that no good reason has been provided for the failure to oppose defendants' motions or to appear at the hearing. Pursuant to Local Rule 7-12, plaintiff's failure to oppose these motions may be deemed by the Court as consent to the granting of these motions. Therefore, the Court GRANTS defendants' motions to dismiss with prejudice with respect to plaintiff's federal claims for violations of the FDCPA (plaintiff's fourth claim) and violation of REPSA (plaintiff's twelfth claim). The Court DENIES defendant Wells Fargo Bank, N.A.'s motion to strike as moot. The Court declines to exercise supplemental jurisdiction over the remainder of plaintiff's claims and therefore dismisses plaintiff's state claims without prejudice to her renewing those claims in state court.

IT IS SO ORDERED.

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | | IM |