UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7373-CAS(FMOx) | Date | November 16, 2011 |
|---|---|---|---|
| Title | CONSUELO GONZALEZ LABRADA V. DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| RITA SANCHEZ | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In chambers:) **PLAINTIFF'S MOTION TO SET ASIDE THE JUDGMENT**(filed October 10, 2011)

**I.  INTRODUCTION AND BACKGROUND**

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of November 21, 2011, is hereby vacated, and the matter is taken under submission.

On October 1, 2010, plaintiff Consuelo Gonzalez LaBrada ("plaintiff") filed the instant action against defendants Deutsche Bank National Trust Company; Home Loan Funding, Inc., IndyMac Bank, FSB; OneWest Bank, FSB; Orange Coast Title Company; Mortgage Electronic Registration System, Inc. ("MERS"); Quality Loan Service Corporation; LSI Title Company; Wells Fargo Bank, N.A. ("Wells Fargo"); American Securities Company; and Does 1-10. The complaint included a request for injunctive relief and a temporary restraining order and alleges claims for (1) declaratory relief; (2) TILA violations pursuant to 15 U.S.C. §§ 1631-34, 1640(a); (3) violations of the FDCPA 15 U.S.C. § 1692(e); (4) violations of the FDCPA 15 U.S.C. § 1692(f); (5) civil RICO; (6) RICO conspiracy; (7) RICO extortion; (8) breach of fiduciary duty; (9) common law fraud–inducement; (10) constructive fraud; (11) conspiracy; and (12) quiet title.

On October 4, 2010, the Court denied plaintiff's request for a temporary restraining order. On April 6, 2011, the Court granted defendants' motions to dismiss plaintiff's federal claims and deferred ruling on plaintiff's state law claims. On May 31, 2011, plaintiff filed a first amended complaint ("FAC"). Plaintiff's first amended complaint alleged claims for: (1) declaratory relief; (2) violations of Business and Professions Code § 17200; (3) negligence; (4) violations of the FDCPA, 15 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7373-CAS(FMOx) | Date | November 16, 2011 |
|---|---|---|---|
| Title | CONSUELO GONZALEZ LABRADA V. DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL. | | |

1692F(6); (5) breach of fiduciary duty; (6) common law fraud–inducement; (7) constructive fraud; (8) conspiracy; (9) quiet title; (10) violation of civil code § 1572; (11) negligence; (12) tortious violation of the Real Estate Settlement Procedures Act ("RESPA") , 12 U.S.C. § 2607(B); (13) intentional misrepresentation; (14) violation of § Cal. Civ. Code § 1788.17; (15) to set aside a defective and wrongful foreclosure; (16) cancellation of a voidable contract under Cal. Rev. & Tax Code §§ 23304.1, 23305(A) and violations of Cal. Corp. Code §191(C)(7).

On June 17, 2011, defendants MERS, Deutsche Bank National Trust Company, and One West Bank, FSB filed a motion to dismiss plaintiff's FAC. On June 20, 2011, defendant Wells Fargo Bank, N.A. filed a motion to dismiss plaintiff's FAC and a motion to strike portions of plaintiff's FAC. Plaintiff did not file an opposition to any of defendants' motions. A hearing was held on July 18, 2011. Plaintiff did not appear at the hearing.

The Court found that no good reason had been provided for plaintiff's failure to oppose defendants' motions or to appear at the hearing. Pursuant to Local Rule 7-12, the Court granted defendants' motions to dismiss with prejudice with respect to plaintiff's federal claims for violations of the FDCPA (plaintiff's fourth claim) and violation of REPSA (plaintiff's twelfth claim). The Court declined to exercise supplemental jurisdiction over the remainder of plaintiff's claims and therefore dismissed plaintiff's state claims without prejudice to her renewing those claims in state court.

On October 20, 2011, plaintiff filed the instant motion to set aside the judgment. Defendants Deutsche Bank National Trust Company, MERS, One West Bank, and FSB opposed the motion on October 31, 2011. Defendant Wells Fargo also filed an opposition on October 31, 2011. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 60(b)

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7373-CAS(FMOx) | Date | November 16, 2011 |
|---|---|---|---|
| Title | CONSUELO GONZALEZ LABRADA V. DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL. | | |

evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006). In addition, the Ninth Circuit recently confirmed that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)). Any Rule 60(b) motion must be brought within a reasonable time and no later than one year after entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

### B. Local Rule 7-18

Local Rule 7-18 sets forth the bases upon which this Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

////

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7373-CAS(FMOx) | Date | November 16, 2011 |
|---|---|---|---|
| Title | CONSUELO GONZALEZ LABRADA V. DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL. | | |

////

### III. DISCUSSION

Plaintiff contends that the Court should set aside the judgment because plaintiff's former attorney, Sherri-Marie Jones, had a medical condition which prevented her from being able to oppose or respond to defendants' motions to dismiss.

A "court is not obligated to vacate the judgment . . . if doing so would be an 'empty exercise.'" James v. United States, 215 F.R.D. 590, 594 (E.D. Cal. 2002). "A precondition to relief from a judgment is that the movant show that he or she has a meritorious claim or defense." City of Colton v. Am. Promotional Events, Inc., No. CV 05-1479 JFW (SSx), 2006 WL 5939685, at *1 (C.D. Cal. December 13, 2006).

The Court, while mindful of former counsel's ill health, finds that plaintiff has not set forth a valid basis for setting aside the judgment. In reaching this determination, the Court notes that plaintiff has failed to address why his underlying federal claims were potentially meritorious. In support of their motions to dismiss, defendants argued that plaintiff's claims for violations of the FDCPA and of RESPA are time-barred as a matter of law. Plaintiff offers no analysis as to why this is not so. In light of the foregoing, the Court concludes that there is no legal basis to justify setting aside the judgment.

### IV. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES plaintiff's motion to set aside the judgment.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | RS | | |